📧 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2022000604**
CDL
JUN 06, 2022 03:23 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Nia Watson, as surviving adult child and next of kin of Oliver Williams, deceased, and Nia Watson as anticipated administrator of the Estate of Oliver Williams, | ) ) ) ) ) ) | CIVIL ACTION FILE NO. STSV2022000604 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Atlanta Flea Market, Inc. d/b/a Peachtree Peddlers Flea Market, | ) ) ) ) | |
| Defendant. | ) ) | |

## ANSWER AND DEFENSES OF DEFENDANT ATLANTA FLEA MARKET, INC.

**COMES NOW**, Defendant, ATLANTA FLEA MARKET, INC., (hereinafter, "Defendant"), and responds to the Complaint for Damages filed by NIA WATSON, as surviving adult child and next of kin of Oliver Williams, deceased, and Nia Watson as anticipated administrator of the Estate of Oliver Williams (hereinafter, "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed that would allow Defendant to fully evaluate the issues regarding liability, damages, and defenses. Accordingly, Defendant responds with its preliminary Answer and Defenses. Without waiving this prefatory position, Defendant responds as follows:

### FIRST DEFENSE

Defendant asserts that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

**SECOND DEFENSE**

Given that the criminal case alleged in the Complaint is ongoing and has not been released to this Defendant, it is unclear whether the incident occurred as alleged, was a random act or whether the Plaintiff may have been targeted by his attacker. Accordingly, the Defendant reserves at this time all defenses available under Georgia law to include assumption of the risk, and open and obvious risk, comparative negligence, waiver, estoppel and release.

**THIRD DEFENSE**

Plaintiff cannot recover because the Plaintiff by the exercise of ordinary care could have avoided the consequences of any act, or failure to act, by Defendant.

**FOURTH DEFENSE**

The claims against Defendant are barred because at all pertinent times Defendant exercised that degree of skill and care ordinarily employed by reasonable persons in general under similar conditions and like surrounding circumstances.

**FIFTH DEFENSE**

Defendant asserts that the injuries and damages alleged by the Plaintiff were not proximately caused by any negligence on the part of the Defendant or any entity or person for whose actions the Defendant was legally liable. To the extent that the Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than the Defendant.

**SIXTH DEFENSE**

Defendant asserts that upon information and belief, Plaintiff's economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is entitled to have the Court consider the same in determining such special damages.

**SEVENTH DEFENSE**

Defendant asserts that Oliver Williams was comparatively negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of Defendant; thus, Plaintiff is not entitled to damages. If the evidence shows that Oliver Williams' negligence caused less than half of the total damages, Plaintiff's recovery should be reduced by his percentage of fault.

**EIGHTH DEFENSE**

Defendant asserts that the injuries and damages alleged by Plaintiffs were not proximately caused by any negligence in the part of this Defendant or any entity or person for whose actions this Defendant was legally liable. To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than this Defendant. Additionally, should it be found that Defendant is liable to the Plaintiff herein, any liability being specifically denied, then Defendant demands that any damages that are found be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

**NINTH DEFENSE**

Plaintiff's alleged injuries and damages were caused by someone other than this Defendant and an intervening criminal act and Defendant hereby gives notice under O.C.G.A. 51-12-33 of liability of a non-party who committed the alleged crime and whose identity, name, and best known address is not known to this Defendant. The perpetrator of the attack is wholly and completely responsible for the Plaintiff's damages because he was the sole perpetrator of the physical injuries and harm brought about the Plaintiff. Therefore, Defendant intends to Apportion Non-Party Fault against such non-party at trial.

## TENTH DEFENSE

Defendant asserts that any injuries or damages which may have been sustained, if any, were caused in whole or in part by an intervening criminal act.

## ELEVENTH DEFENSE

Defendant Yash asserts that, to the extent a dangerous condition existed on the premises, Christopher Brooks may have had at least equal knowledge of the dangerous condition and failed to avoid it by the exercise of reasonable care.

## TWELFTH DEFENSE

Defendant asserts that the injuries and damages alleged by Plaintiff were not proximately caused by any negligence on the part of the Defendant or any entity or person for whose actions Defendant is legally liable. To the extent that Plaintiff's damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than the Defendant.

## THIRTEENTH DEFENSE

Defendant is an improper party and should be dismissed.

## FOURTEENTH DEFENSE

Defendant asserts that Plaintiff contractually waived his right of action.

## FIFTEENTH DEFENSE

Defendant asserts that Plaintiff has failed to join an indispensable party.

## ANSWER

Defendant specifically responds to the numbered paragraphs of Plaintiff's Complaint as follows:

**Parties, Jurisdiction, and Venue**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which therefore stand denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which therefore stand denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which therefore stand denied.

4.

Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.

Defendant admits it operated the common areas on the premises as alleged in Paragraph 7 of the Plaintiff's Complaint, but denies that it operated all vendor booths on the premises. Defendant states that it left individual vendors to operate their own booths.

8.

Defendant admits it managed the common areas on the premises as alleged in Paragraph 8, but denies that it managed all vendor booths on the premises. Defendant states that it left individual vendors to manage their own booths.

9.

Defendant admits the allegations contained in Paragraph 9 in Plaintiff's Complaint.

10.

Defendant admits the allegations contained in Paragraph 10 in Plaintiff's Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 in Plaintiff's Complaint.

## Facts and Background

Defendant reasserts the allegations contained in paragraphs 1 through 11 above, as if fully set forth herein, and states as follows:

12.

Defendant admits that it owned the subject premises as alleged in Paragraph 12 of the Plaintiff's Complaint. With respect to operation and management, Defendant refers to the responses contained in Paragraphs 7 and 8 of its Answer, and incorporates those responses as if fully re-stated herein.

13.

Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the area where the Plaintiff was shot as alleged in Paragraph 14 of the Plaintiff's Complaint, Defendant admits that Oliver Williams was shot and killed by Larry Favors.

15.

Defendant admits receiving complaints about Favors as alleged in Paragraph 15 of the Plaintiff's Complaint, but denies that this indicates any kind of predisposition to violence.

16.

Defendant admits knowledge of one reported burglary in between January 2020 and July 25, 2021. Defendant also admits knowledge of one reported "theft" during that same time period. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint, particularly because these allegations pertain to all time "before July 25, 2021," and are thus unlimited in scope. Thus, out of an abundance of caution, Defendant denies same allegations.

17.

Defendant denies the allegations contained within Paragraph 17 of the Plaintiff's Complaint.

18.

Defendant admits the allegations contained within Paragraph 18 of the Plaintiff's Complaint.

**General Negligence and Failure to Keep the Premises Safe (O.C.G.A. § 51-3-1)**

Defendant reasserts the allegations contained in paragraphs 1 through 18 above, as if fully set forth herein, and states as follows:

19.

Defendant denies Plaintiff was an invitee.

20.

Defendant denies the allegations contained within Paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained within Paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained within Paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained within Paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained within Paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained within Paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained within Paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained within Paragraph 27 of the Plaintiff's Complaint.

28.

Defendant denies the allegations contained within Paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained within Paragraph 29 of the Plaintiff's Complaint.

30.

Defendant denies it had notice or knowledge of any conduct of Larry Favors that could have made the shooting on July 25, 2021, foreseeable.

31.

Defendant denies it should have had notice or knowledge of any conduct of Larry Favors that could have made the shooting on July 25, 2021, foreseeable.

32.

Defendant denies it had notice or knowledge of any conduct of Larry Favors that could have made the shooting on July 25, 2021, foreseeable. Defendant admits that Larry Favors was permitted to be present on the premises on that date.

33.

Defendant denies the allegations contained within Paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained within Paragraph 34 of the Plaintiff's Complaint.

35.

Defendant denies the allegations contained within Paragraph 35 of the Plaintiff's Complaint.

**Damages**

Defendant reasserts the allegations contained in paragraphs 1 through 35 above, as if fully set forth herein, and states as follows:

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, which therefore stand denied.

37.

Defendant denies the allegations contained within Paragraph 37 of the Plaintiff's Complaint.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, which therefore stand denied.

39.

Defendant denies the allegations contained within Paragraph 39 of the Plaintiff's Complaint, including all subparts.

40.

Defendant denies the allegations contained within Paragraph 40 of the Plaintiff's Complaint.

<u>Wherefore Paragraph</u>

To the extent the "Wherefore" paragraph contained in the Plaintiffs' Complaint and requires a response, Defendant denies the same.

**WHEREFORE**, Defendant respectfully prays as follows:

a) That the Plaintiffs' Complaint be dismissed on the grounds set forth above and all costs cast against the Plaintiffs;

b) In the alternative, that judgment be granted in favor of Defendant on all counts;

c) That Defendant have a trial by twelve (12) jurors, as the law provides;

d) Defendant requests that it recovers reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

e) For such other and further relief that the Court deems just and proper.

This 6th day of June, 2022.

        RUTHERFORD & CHRISTIE LLP

        */s/: Carrie L. Christie*
        Carrie L. Christie, Esq.
        Georgia State Bar No. 125248
        Dillon P. McConnell, Esq.
        Georgia State Bar No. 483351
        *Counsel for Defendant*

285 Peachtree Center Avenue, NE
Marquis II, Suite 1650
Atlanta, GA 30303
(404) 522-6888
info@rclawllp.com

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Nia Watson, as surviving adult child and next of kin of Oliver Williams, deceased, and Nia Watson as anticipated administrator of the Estate of Oliver Williams,<br><br>    Plaintiffs,<br><br>v.<br><br>Atlanta Flea Market, Inc. d/b/a Peachtree Peddlers Flea Market,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>STSV2022000604 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all parties with a copy of the within and foregoing **ANSWER AND DEFENSES OF DEFENDANT ATLANTA FLEA MARKET, INC.** by electronic mail at the primary email address on record with the electronic filing service provider pursuant to O.C.G.A. § 9-11-5:

Arthur R. York
The York Firm, LLC
1776 Briar Cliff Road, NE
Suite 200
Atlanta, Georgia 30306
arthur@theyorkfirm.com
*Counsel for Plaintiff*

This 6th day of June, 2022.

                RUTHERFORD & CHRISTIE LLP

                */s/: Carrie L. Christie*
                Carrie L. Christie
                Georgia State Bar No. 125248